IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, CP-7819, )<br>    Petitioner, )<br>  )<br>           v.           )   2:13-cv-653<br>  )<br>STATE OF PENNSYLVANIA, et al., )<br>    Respondents. ) | |

MEMORANDUM and ORDER

Mitchell, M.J.:

Demetrius Bailey has presented a "28 U.S.C. §3161 Consent and Stipulation to Intervene as Plaintiff" (the petition) seeking an "Order for the United States Attorney General or State Attorney General to intervene with the State Court due to Mr. Bailey is drawing into question the constitutionality of a statu[t]e."[1] For the reasons set forth below, the petition will be treated as one seeking a petition for a writ of habeas corpus, and transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

Although not stated in the instant petition, in a prior action filed in this Court at Civil Action 01-5 Bailey sought to challenge his 1994 conviction for criminal homicide.[2] The latter

---

[1] In seeking an order of intervention under 28 U.S.C. §2403, the petitioner's request is misdirected in that the latter question is only applicable "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question…." In the present filing Bailey is seeking to challenge the portions of the Pennsylvania coroner's act and clearly no Congressional Act is involved. In addition, challenges to Pennsylvania statutes are raised in the Court of Common Pleas with a direct appeal to the Pennsylvania Supreme Court. 42 Pa.C.S.A. §§ 931, 722(7); Commonwealth v. Lee, 935 A.2d 865, 868 f.n.8 (Pa.2007).

[2] Civil Action 01-5 was dismissed as untimely on September 13, 2001 and on October 7, 2002, the United States Court of Appeals for the Third Circuit denied a certificate of appealability and certiorari was denied on April 7, 2003.. A subsequent Rule 60(b) motion was filed and denied and on March 22, 2005 the Court of Appeals again denied a certificate of appealability. Bailey again filed a Rule 60(b) motion which was denied and a certificate of appealability was denied on February 6, 2008. On October 7, 2008, the Court of Appeals denied his petition as a successive petition.

petition was dismissed as untimely, He again sought to challenge this conviction in a second habeas corpus petition filed at No. 07-1122.[3]

Bailey now returns to this Court for relief in the form of a declaration that the" coroner['s] solicitor had no jurisdiction to conduct an inquest and preliminary hearing on homicide charge."[4]

Preliminarily we note that Bailey has no legal standing to "stipulate" that the Attorneys General of either the United States or the Commonwealth be joined as plaintiffs in this action. Standing relates to an individual's right to pursue litigation, here the petitioner attempts to act on behalf of the Attorneys General and gain their intervention. Neither of these individuals has asserted any desire to seek redress here and the matter is solely an effort by the petitioner to act on their behalf. Bailey cannot demonstrate any basis for doing so. See: Clapper v. Amnesty Intern. USA, 133 S.Ct. 1138, 1147-1150 (2013).

However, even if this were not the case, what the petitioner seeks to do here is perform a thinly disguised end-run around the barring of successive habeas petitions by claiming that the coroner had no jurisdiction to conduct an inquest and preliminary hearing and thus the charges against him are subject to dismissal. The statutes in question 16 P.S §§ 1237 and 4243 provide that "the coroner having a view of the body shall investigate the facts and circumstances concerning deaths…" 42 P.S. §1237(a). In performing his duties the coroner has authority to compel witnesses to attend an inquest as well as compel the production of documents. 16 P.S. 4243.Thus, on its face Bailey's challenge lacks merit.

Nevertheless, the Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in

---

[3] Bailey submitted a second habeas corpus petition filed at No. 07-1122 on August 15, 2007. On January 10, 2008 that petition was dismissed as a successive petition and on November 17, 2008, the United States Court of Appeals for the Third Circuit denied a certificate of appealability.

[4] See: Affidavit attached to the "petition".

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this Court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 15th day of May, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,<br>
United States Magistrate Judge